## MALISSA M. SCOTT v. JULIUS H. SHAW.[1]

May 15, 1908.

Nos. 15,597—(53).

Action in the district court for Hennepin county to recover $10,284 for personal injuries. The case was tried before Brooks, J., and a jury which rendered a verdict in favor of plaintiff for $500. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*James A. Peterson*, for appellant.

*Hall & Kolliner*, for respondent.

PER CURIAM.

Respondent recovered a verdict for $500 upon the ground that appellant negligently detached the water pipes from the waterback in a kitchen stove in a house where she was employed as housekeeper. Appellant contends that the evidence was manifestly and palpably against the verdict, being of such an indefinite and questionable character that it should not be received in a court of justice to sustain the allegations of the complaint.

We have read the record and are of opinion that the evidence was sufficient to support the findings of the jury, and the decision of the trial court in refusing a new trial. It was fairly established that the stove exploded by reason of generation of steam from water left in the waterback, and that respondent's injuries were the result of such explosion. While it is true that respondent did not agree that the workman who testified he made the disconnection was in fact the man who did the work, and that she pointed out a man in the court room whom she thought looked like the person who did the work, these discrepancies were not necessarily fatal to her case, nor was her counsel called upon to put such party on the stand in order to determine whether or not he was the one who did the work. It does not conclusively appear from the evidence that the mere fact of disconnecting the water pipes necessarily drained the waterback, and that there could have been no water left therein. Whether the plumber who made the disconnection was negligent in the manner charged was a question properly submitted to the jury, and their conclusion as to the character and weight of the evidence is final.

Affirmed.

[1] Reported in 116 N. W. 1135.